USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#_____
DATE FILED: 9/1/2010

PRO SE OFFICE

Steven Craig
355 South End Ave, 27L
New York, NY 10280

UNITED STATES DISTRICT COURT
DISTRICT OF NEW YORK

| | |
|---|---|
| **Steven Craig**<br><br>Plaintiff,<br><br>vs.<br><br>**The Bank Of New York Mellon Corporation, f/k/a The Bank Of New York**<br><br>Defendant | Case# 1:10-cv-5706-SAS=HBP<br><br>MOTION TO STRIKE<br>DEFENDFANTS ENTIRE ANSWER<br>AS NON RESPONSIVE |

Date: Sept. 1, 2010

PLAINTIFF'S MOTION TO STRIKE

A. Introduction

1. Plaintiff is: Steven Craig, 355 S. End Avenue, 27L, New York NY 10280, and defendant is: The Bank Of New York Mellon Corporation, f/k/a The Bank Of New York

2. On July 28th, 2010, plaintiff sued defendant for breach of fiduciary duty, fraud, fraud by nondisclosure, and violations of various consumer protection laws.

3. On July 28th, 2010, plaintiff filed with the court an ORIGINAL COMPLAINT. On 8/20/10 an extension of time to answer was desired by Defendant and was granted by Plaintiff

4. The complaint, although long, adhered to the Federal Rules of Civil Procedure, and stated numerous claims upon which relief can be granted. Plaintiffs claims were very specific, and were drafted simplistically enough to assure a specific response was given.

5. After an extension of time was granted to law firm #1 (Bryan Cave LLP) to answer the claims, a "secondary attorney firm" (Rosicki, Rosicki Associates P.C.) law firm #2, offered a

MOTION TO STRIKE ANSWER & MOTIONS FOR SANCTIONS                    1 of 9

response. Both claim to represent the defendant. Defendant's attorney #2 submitted a general denial.

6. It seems obvious to the Plaintiff that careful time, consideration and attention were not paid to the valid claims in the Plaintiffs suit, and failed to meet answering ANY of the claims with specificity. The answer is not being presented for any proper purpose, and is seemingly entered to cause unnecessary delay, or needlessly increase the cost of litigation.

7. Defendants 1st and 2nd Affirmative Defenses – Failure to state a claim. Plaintiff maintains that numerous claims are properly stated and meet the federal rule of civil procedure. Defendant fails to state which of the numerous claims he think failed the Federal Procedures Rules with specificity. It is a bald speculation to make the claim that all 170 paragraphs fail to state ANY claim upon which relief can be granted. Defendant fails to back up his answer with any case law, memorandum of law, or any other tools which the court allows. <u>Defendants 1st and 2nd affirmative Defense must be stricken as non responsive.</u>

8. Defendants 3rd Affirmative Defense – Non Compliance of FRCP and "other rules". Counsel has failed to offer which claims fail to meet which rules with specificity, and by doing so, it is impossible for Plaintiff to respond to such an allegation. This is simply an attorney who is wasting the time of the court and the Plaintiff, and attempting to raise the costs to the Plaintiff. <u>Defendants 3rd affirmative Defense must be stricken as non responsive.</u>

9. Defendants 4th, 5th, 6th, 7th & 8th Affirmative Defenses – Claims are Barred - Plaintiff maintains that all of his claims fall within the scope of the Federal Rules and US Statutes. Defendant fails to state which of the numerous claims he thinks meet the Statutory limitations Rules. Allegations are made, some which try and point blame at Plaintiff, however Defendant fails to back up his defense with any case law, memorandum of law, or any other tools which the court allows, or can rule upon. <u>Defendants 4th 5th, 6th, 7th & 8th   affirmative Defense must be stricken as non responsive.</u>

10. Defendants 9th Affirmative Defense – Plaintiff has no recollection of any cases, current or in the past that involve current defendant and claims that are being made in this instant case. This defense is so vague, a proper responsive pleading cannot be offered. <u>Affirmative Defense # 9 must be stricken as non responsive</u>

1  11. Defendants 10th Affirmative Defense – Lack of Payments. Plaintiff is unaware of the
2  defensive strategy that counsel is trying to bring forth in this matter. Since Plaintiff is unaware of
3  the Defendants posture on this situation, a response can simply not be offered. This too, is very
4  vague, and a proper response is impossible. <u>Affirmative Defense # 10 must be stricken as non
5  responsive</u>

6  **Conclusion:**

7  Defendant attorney # 2 seems to offer this miniscule response because the "paragraphs"
8  were not numbered. Plaintiff would like to notice this court and counsel that there are clearly
9  numbered lines throughout all of the documents offered in this instant case. Plaintiff took much
10 care, time and attention to make sure he followed the rule of procedure. Claims have been
11 properly made with specificity, and counsel has chosen to ignore the specificity. When an
12 extension of time is granted by Plaintiff to answer the suit, and an answer is given that is
13 illogical, incomprehensible and an obvious waste of time, there cannot be any reason to think
14 Defendants counsel has any serious thought about wanting to proceed civilly, and in a costly
15 manner, both to the Plaintiff and to his alleged client.

16 <u>PRAYER</u>

17 Plaintiff Requests the Following:

18 a. Defendants entire Answer be stricken from the record.

19 b. A hearing be had, with Plaintiff and both of Defendants attorneys showing who truly
20 claims to represent the Defendant in the agency capacity. Please note, there are two
21 separate attorney firms who have offered sworn documentation that they have "Agency".

22 c. Plaintiff requests that Plaintiff attorney be sanctioned under rule 11 of FRCP. Please
23 see attached motion.

24
25 **Respectfully Submitted,**
26
27
28 Steven Craig

# VERIFICATION

I, Steven Craig, do swear and affirm that all statements made herein are true and accurate, in all respects, to the best of my knowledge.

Steven Craig
355 South End Ave, 27L
New York, NY 10280

SWORN TO AND SUBSCRIBED BEFORE ME, ABHISHEK PALIWAL by Steven Craig on the 1st day of September, 2010, which witnesses my hand and seal of office.

**NOTARY PUBLIC IN AND FOR
THE STATE OF NEW YORK**

1 Steven Craig
2 355 South End Ave, 27L
3 New York, NY 10280

4 UNITED STATES DISTRICT COURT
5 SOUTHERN DISTRICT OF NEW YORK

| **Steven Craig** | Case# 1:10-cv-5706-SAS=HBP |
| --- | --- |
| Plaintiff, | |
| vs. | **ORDER ON MOTION TO STRIKE DEFENDFANTS ENTIRE ANSWER AS NON RESPONSIVE** |
| **The Bank Of New York Mellon Corporation, f/k/a The Bank Of New York** | |
| Defendant | |

6

7 Date: Sept. 1, 2010

8 ORDER ON STIKING DEFENDANTS ANSWER
9

10 After considering plaintiff's request for motion to strike defendants answer as non
11 responsive, the Judge

12 _____ DENIES the request.

13 _____ FINDS that the record supports striking Defendants answer and ORDERS the
14 clerk to enter the defendants answer as stricken..

15 After considering plaintiff's request for a hearing to prove AGENCY

16 _____ DENIES the request.

17 _____ FINDS that the record supports such granting and ORDERS the clerk to enter the
18 a time and location for a hearing to prove AGENCY.

19 SIGNED on _____, 2010___.

20 _____
21 CLERK, U.S. DISTRICT COURT

1  Steven Craig
2  355 South End Ave, 27L
3  New York, NY 10280

4  UNITED STATES DISTRICT COURT
5  SOUTHERN DISTRICT OF NEW YORK

| **Steven Craig** | Case# 1:10-cv-5706-SAS=HBP |
| --- | --- |
| Plaintiff, | |
| vs. | **MOTION FOR FILE 11 SANCTIONS** |
| **The Bank Of New York Mellon Corporation, f/k/a The Bank Of New York** | |
| Defendant | |

6

7  PLAINTIFF'S MEMORANDUM IN

8  SUPPORT OF MOTION FOR RULE 11 SANCTIONS

9  Plaintiff asks the court to impose sanctions against Andrew Morganstern, Esq, counsel for
10 Defendant, hereinafter referred to counsel for Defendant, for filing Defendants Answer in
11 violation of Federal Rule of Civil Procedure 11(b).

12  A. Introduction

13  1. Plaintiff is Steven Craig, defendant is The Bank Of New York Mellon Corporation,
14  f/k/a The Bank Of New York

15  2. Plaintiff sued defendant for numerous violations including but not limited to violations
16  of the Truth In ending Act, The Real Estate Settlement Procedures Act, The Home equity
17  Protection Act, Fraud, Common law Fraud, Breach of Fiduciary duties, .Et Al.

18  3. On 8/30/10 counsel for Defendant filed defendants answer.

19  B. Argument

20  5. The court may impose sanctions on a party, an attorney, or a law firm, for presenting a
21  pleading, written motion, or other paper for an improper purpose, such as to harass or cause
22  unnecessary delay or expense. Fed. R. Civ. P. 11(b)(1), (c)(1).  Also, the court may impose

1   sanctions on a party, an attorney, or a law firm, for presenting a pleading, written motion, or
2   other paper that includes any of the following: (1) claims, defenses, or contentions not
3   warranted by existing law or by a good-faith argument for extending, modifying, or reversing
4   existing law or for establishing new law; (2) allegations that do not have, or are unlikely to have
5   after a reasonable investigation, evidentiary support; or (3) denials unwarranted by the evidence.
6   Fed. R. Civ. P. 11(b)(2)-(4), (c)(1).

7   6.   counsel for Defendant's filing of "Defendants Answer" violated Rule 11 because
8   counsel for Defendant filed the document for an improper purpose, such as to harass, cause an
9   unnecessary delay, or needlessly increase the cost of litigation. Fed. R. Civ. P. 11(b)(1);
10  *Mercury Air Group, Inc. v. Mansour*, 237 F.3d, 542, 548 (5th Cir. 2001). Specifically, The
11  answer or affirmative defenses make bald allegations that claims are stated improperly, claims
12  are time barred due to limitation on statutory procedure, and that the court lacks jurisdiction over
13  the Defendant. However, the Defendant failed to offer any further information as to HOW his
14  defenses are justified, or how Plaintiff specifically failed to meet Federal Rules of Civil
15  Procedure, or "other procedures" as it was so offered. This is seemingly a waste of time, and
16  intentionally done to cause unnecessary delay, and cost to the Plaintiff.

17  7.   Before imposing sanctions, the court should determine whether the party or the attorney
18  made a reasonable inquiry into the facts or the law before signing and presenting the document.
19  *See* Fed. R. Civ. P. 11(b); *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1364-65 (9th
20  Cir. 1990). The court should impose sanctions against counsel for Defendant because he did not
21  make a reasonable inquiry into the facts or law before filing the answer He offered no court
22  cases, information, rules or procedures as to how, why, or what specifically failed to meet the
23  criteria he uses as a defense. Please note, this was answered in this manner after an extension of
24  time to answer was agreed upon.

25  8.   The court should impose the following sanctions: Monetary Sanctions, and Striking Of
26  Pleadings of the defendant. The requested sanctions are sufficient to deter repetition of the
27  sanctionable conduct. Fed. R. Civ. P. 11(c)(4); *Fries v. Helsper*, 146 F.3d 452, 458-59 (7th Cir.
28  1998). Plaintiffs suit makes very strong claims and allegations, which can be proved at trial, and
29  demands that his complaint be taken seriously. Counsel for Defendant failed to address the suit
30  with specificity, and by the court allowing sanctions in this case, the counsel will take the case
31  with serious intention.

## C. Conclusion

9. Defendants answer failed to address with specificity, as to why the defenses counsel for Defendant used, were valid. They are wasting the time of the Plaintiff and the Court, and are shadowing the seriousness of the case at hand. For these reasons, Plaintiff asks the court to impose sanctions of a Monetary amount to be determined by the court, and a Striking of Defendants answer in its entirety against counsel for Defendant.

**Respectfully Submitted,**

Steven Craig

## CERTIFICATE OF SERVICE

I, Steven Craig, do swear and affirm that I have served a signed copy of this motion to strike defendants answer, Motion For Sanctions and Motion to Disqualify Opposing Counsel to any and all defendants by way of U.S.P.S. Certified mail # 's 70101670000075092715 - Bryanlax and 70101670000075092630 - Rosick; return receipts.

*Steven Craig*
355 South End Ave, 27L
New York, NY 10280

The Person above, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to this document and acknowledged to me that he/she executed the same in his authorized capacity and that by his signature on this instrument who is the person who executed this instrument.

I certify under PENALTY OF PERJURY under the laws of the State of New york that the foregoing paragraph is true and correct.

Witness my hand and official seal.

_____              _____
**NOTARY PUBLIC IN AND FOR**              Notary Seal
**THE STATE OF NEW YORK**

1 Steven Craig
2 355 South End Ave, 27L
3 New York, NY 10280

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 9/1/2010

PRO SE OFFICE

4

5    UNITED STATES DISTRICT COURT
6    SOUTHERN DISTRICT OF NEW YORK

7

| | |
|---|---|
| **Steven Craig** | Case# 1:10-cv-5706-SAS=HBP |
| Plaintiff, | |
| vs. | MOTION TO DISQUALIFY OPPOSING COUNSEL |
| **The Bank Of New York Mellon Corporation, f/k/a The Bank Of New York** | |
| Defendant | |

8
9           PLAINTIFFS MEMORANDUM IN
10    SUPPORT OF MOTION TO DISQUALIFY OPPOSING COUNSEL

11    Plaintiff asks the court to disqualify opposing counsel from further representation of
12 The Bank of New York Mellon Corporation f/k/a The Bank of New York.

13                           A. Introduction

14    1. Plaintiff is Steven Craig; defendant is The Bank of New York Mellon
15 Corporation f/k/a The Bank of New York; opposing counsel is Andrew Morganstern of
16 Rosicki, Rosicki Associates, P.C.

17    2. Plaintiff sued defendant for breach of fiduciary duty, fraud, fraud by
18 nondisclosure, and violations of various consumer protection laws.

19    3. Plaintiff asks the court to disqualify opposing counsel from further
20 representation of The Bank of New York Mellon Corporation f/k/a The Bank of New
21 York because it is a clear conflict of interest. The law firm of Rosicki, Rosicki
22 Associates, P.C. acted as the attorney for the seller AND foreclosing bank at the closing
23 of the subject property indicated in this suit. (Mortgage Electronic Registration Systems,
24 Inc. in Supreme Court of the State of New York County of Kings Index No,: 2269/2005.
25 Mortgage Electronic Registration Systems, Inc as nominee and mortgagee of record and
26 Wells Fargo Bank, NA. vs. Walid Mitwalli, et al. )

27    4. Plaintiff attended the closing for the property, 1327 Prospect Place, Brooklyn New
28 York, 11213, the subject matter of the above foreclosure of mortgage suit <u>which is the
29 same property</u> identified in this instant matter of Steven Craig vs. The Bank of New York

Mellon Corporation f/k/a the Bank of New York. Plaintiff personally attended the closing of the sale at Rosicki, Rosicki Associates, P.C offices at 2 Summit Court, Suite 301, Fishkill NY 12524 on August 3rd 2006 where most of the violations of consumer protection laws, fraud, fraud by non-disclosure, and the breach of fiduciary duty indicated in this suit allegedly occurred.

### B. Argument

5. If a lawyer becomes a witness, he is disqualified from acting as a lawyer in the case. *International Woodworkers v. Chesapeake Bay Plywood Corp.*, 659 F.2d 1259, 1273 (4th Cir. 1981). When trial counsel foresees the possibility that he or she may testify on behalf of the party about fact issues other than attorney fees, the lawyer should resolve any doubt in favor of preserving the integrity of the evidence and against continued participation as trial counsel. *See* Model Code of Prof. Responsibility EC 5-9, 5-10 (2000).

6. If a lawyer is in a position to use privileged information obtained through representation of a former client in matters that are substantially related to the current litigation, the lawyer and the law firm should be disqualified. *Cromley v. Board of Educ.*, 17 F.3d 1059, 1064 (7th Cir. 1994); *Fund of Funds, Ltd. v. Arthur Andersen & Co.*, 567 F.2d 225, 235-36 (2d Cir. 1977). The substantial relationship test requires proof that the facts of the earlier representation are so related to the facts in the pending litigation that a genuine threat exists that confidences revealed to former counsel will be divulged to a present adversary. *See Cole v. Ruidoso Mun. Sch.*, 43 F.3d 1373, 1384 (10th Cir. 1994); *Cromley*, 17 F.3d at 1064.

7. It is likely that opposing counsel will testify on behalf of Defendant about fact issues other than attorney fees. Specifically, opposing counsel has personal knowledge of fact issues about the sale of 1327 Prospect Place, the subject property of this suit. Due to the fact that opposing counsel has knowledge of fact issues in the case other than attorney fees, the court should disqualify then from further representation of Defendant.

### C. Conclusion

8. Attorneys at the Law Firm Rosicki, Rosicki Associates, P.C. allegedly acted in collusion with the Defendant and or other lenders and attorneys at the closing of the subject property, and have first hand knowledge and participation regarding the facts of this case. It is intended to either call the Attorneys for Defendant as a witness, or further name Attorneys for Defendant as a co-Defendant in this case subsequent to discovery. For these reasons, Plaintiff asks the court to disqualify opposing counsel from further participation in this suit.

Respectfully,

Steven Craig

CERTIFICATE OF SERVICE

I, Steven Craig, do swear and affirm that I have served a signed copy of this motion to strike defendants answer, Motion For Sanctions and Motion to Disqualify Opposing Counsel to any and all defendants by way of U.S.P.S. Certified mail # 's 7010 1670 0000 7509 2715 - Bryanlay and 7010 1670 0000 7509 2630 - Rosick return receipts.

Steven Craig
355 South End Ave, 27L
New York, NY 10280

The Person above, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to this document and acknowledged to me that he/she executed the same in his authorized capacity and that by his signature on this instrument who is the person who executed this instrument.

I certify under PENALTY OF PERJURY under the laws of the State of New york that the foregoing paragraph is true and correct.

Witness my hand and official seal.

**NOTARY PUBLIC IN AND FOR**
**THE STATE OF NEW YORK**

Notary Seal